Filed 7/9/14  P. v. York CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073621 |
| v. | (Super. Ct. No. CRF1290) |
| JEREMY COLE YORK, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jeremy Cole York asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Defendant was riding his bicycle on February 21, 2012.  An officer stopped him and during a consensual search discovered seven grams of methamphetamine.

Defendant pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378) with the understanding that he would receive a maximum term of two years in jail. During the plea colloquy, the trial court said to defendant: "Please be sure not to get in further trouble between now and [the date for sentencing] or the deal might go away here." After defendant entered his plea, the trial court added: "Do not fail to appear timely to the Probation Department. And then return to court for judgment and sentencing." Defendant agreed and the trial court released defendant on a bail bond.

Defendant failed to show for his appointment with the probation department and did not appear for sentencing. The People filed a complaint alleging failure to appear (Pen. Code, § 1320.5), and defendant and the People subsequently entered into a new plea agreement in which defendant pleaded no contest to possession of methamphetamine for sale and admitted a prior prison term (Pen. Code, § 667.5, subd. (b)) with a stipulated term of four years in jail.

The trial court sentenced defendant to the stipulated four-year term, imposed various fines and fees, and awarded 152 days of presentence credit (76 actual days and 76 conduct days). The trial court subsequently modified the award of credit to 220 days (110 actual and 110 conduct).

Defendant did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.) In a separate case, this court denied his petition for writ of mandamus to compel the trial court to grant him a certificate of probable cause. (*York v. Superior Court of Yuba Co.* (Feb. 13, 2014, C075460) [nonpub. order].)

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of

2

the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

MAURO, J.

We concur:

BUTZ, Acting P. J.

DUARTE, J.

3